

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3437
Re: Ten per cent (10%) of
each class of no par
value stock must be
paid in before approval
of charter.

This will acknowledge receipt of your letter of April 18, 1941, in which you seek an opinion of this department on the questions therein presented. We deem it essential to here set out your letter in full except for the formal parts thereof. It is:

"A charter is being prepared for the above named corporation in which the authorized capital stock is to be 5,000 shares of preferred and 10,000 shares of common stock, all without par value. The affidavit shows that the preferred stock is divided into two classes, 500 shares of class A and 4,500 shares of class B, preferred. The rights of the two classes of preferred stock are identical, but the incorporators are putting a value of $100.00 per share on the class A stock and no value has been placed on the class B. The affidavit shows that 1,580 shares of common stock has been paid in at the rate of $1.00 per share making a total of $1,580.00, and the 316 shares of the class A preferred has been paid in at the value of $100.00 per share making a total of $31,600.00 and that none of the class B preferred has been paid in.

"The attorneys for the incorporators have contended that because the total amount paid in is more than $25,000.00 and because more than 10% of the total

Honorable Wm. J. Lawson, page 2

authorized number of shares, treating all the shares the same, have been paid in, the corporation meets the requirement for no par stock corporations set out in Subdivision (d) of Article 1538d.

"This Department has interpreted that subdivision to mean that at least 10% of each of the different classes of stock must be paid in, as to hold otherwise would allow a corporation to have a very large authorized capital with less than 10% of the authorized amount paid in. For instance, under that interpretation, a corporation could have 10,000 shares of common paid in at the rate of 10¢ per share and could have 10,000 shares of preferred with only 1 share paid in at $24,000.00 per share, then the corporation would have paid in its $25,000.00, would have 11,000 of its 20,000 shares paid in, and yet it would have an authorized $24,000,000.00 preferred stock. Obviously, this is an extreme case, whereas the case we are submitting is not extreme, but in order to avoid the possibility of such an extreme case, this Department has interpreted the statutes to require that at least 10% of each class of stock must be paid in.

"We would appreciate an opinion from your Department as to whether Subdivision d of Article 1538d requires that at least 10% of the number of shares of each class of stock be subscribed and paid at the time of incorporation, or whether the requirements of that statute are met by having 10% of the total number of shares of all classes subscribed and paid."

Article 1538d of the Revised Civil Statutes of Texas, sets out certain requirements relative to the issuance of shares of stock of no par value. Among the showings required to be made to the Secretary of State by the incorporators, or the directors of the corporation in the event of an amendment to an existing charter, is subdivision (d) thereof which provides:

"(d) The number of shares without nominal or par value subscribed and the actual consideration received by the corporation for such shares; and upon receiving such certificate it shall be the duty of the Secretary of State, on payment of office fees and franchise tax due, to file and record the charter, or amendment thereof, of such corporation and

to give his certificate showing the record there-
of, provided, however, the stockholders of any
corporation authorizing the issuance of shares of
its stock without nominal or par value shall be
required, in good faith, to subscribe and pay for
at least ten per cent of the authorized shares to
be issued without nominal or par value before said
corporation shall be chartered or have its charter
amended so as to authorize the issuance of shares
without par or nominal value; provided further
that in no event the amount so paid shall be less
than $25,000.00."

You advise that the capital structure of the proposed
corporation is as follows:  (1)  5,000 shares of preferred no
par value stock divided into 500 shares of class A and 4,500
shares of class B.  (2)  1,000 shares of common stock of no par
value.  The incorporators have declared a value of $100.00 per
share on the class A preferred, $1.00 per share on the common
and have placed no value on the class B preferred.  You advise
that classes A and B of the preferred stock are identical.  It
will be necessary, therefore, for you to value the class B pre-
ferred stock at $100.00 per share for the purpose of computing
the filing fees required by Article 1538f of the Revised Civil
Statutes.  Having placed such arbitrary figure on the class B
preferred stock we have the following capital structure for the
purpose of calculating filing fees:  (1)  5,000 shares of pre-
ferred no par value consisting of 500 shares of class A at $100.00
per share, $50,000;  4,500 shares of class B at $100.00 per share,
$450,000.  (2)  10,000 shares of common no par value at $1.00 per
share, $10,000.  Total $510,000.00.

It would appear, therefore, that the $33,180 shown to
be paid in is less than ten (10) per cent of the necessarily de-
clared value of all the no par value shares.

You state that the attorneys for the incorporators con-
tend that "Because the amount paid in is more than $25,000, and
because more than ten per cent of the total authorized number of
shares, treating all the shares the same, has been paid in . . ."
that the statute has been complied with.  We cannot see upon what
theory all the shares can be treated the same as the declared
value of the preferred stock must be $100.00 per share while that
of the common stock is but $1.00.

The Legislature, in the use of the language " . . . stockholders . . . . . shall be required, in good faith, to subscribe and pay for at least ten per cent of the authorized shares to be issued without nominal or par value . . . ." might have as appropriately declared that at least ten per cent of the declared value must be paid in. We believe that the legislature, in the passage of such Article 1538b, intended to and did require the payment of a minimum of ten per cent of the declared value of the shares with the further proviso that no company would be permitted to organize and issue shares of no par value with a paid in capital of less than $25,000. Such has long been the interpretation of the statute by the various Secretaries of State.

We hold, therefore, that a minimum of ten per cent of each class of stock to be issued must be paid in, treating the preferred stock, divided into class A and class B, as one class.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 23 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:j



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN

